**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                            CASE NO: 8:09-cr-448-T-33TGW

VINCENT EDWARD UNDERWOOD
_____/

**ORDER**

This cause comes before the Court pursuant to the Court's November 2, 2011, Order directing the United States Probation Office to prepare a report regarding the Defendant's eligibility for a reduction in sentencing based on the United States Sentencing Commissions' retroactive lowering of the guideline sentencing range for certain crack cocaine offenses. (Doc. # 103). Upon consideration of the Government's response to the probation report (Doc. # 106) and the Defendant's response to the report (Doc. # 109), the Court finds that the Defendant's sentence is not eligible for reduction.

I.  Background

On January 25, 2010, the Defendant pled guilty to Counts Two, Four, and Five of the indictment which alleged: (1) Count Two - Possession With Intent to Distribute 5 Grams or More of Cocaine Base, Cocaine, and less than 50 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), (b)(1)(D) and 18 U.S.C. § 2; (2) Count Four - Felon

in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); and (3) Count Five - Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1). On November 5, 2009, the Government filed an information requesting enhancement of the statutory penalties for Count Two due to the Defendant's prior convictions for felony drug offenses.

At sentencing on July 7, 2010, the Court determined the Defendant's offense level to be level 21 with a criminal history category of II which called for the applicable guideline imprisonment range of 41 to 51 months. However, because the guideline range was lower than the minimum mandatory term of imprisonment as to Count Two, the Court adopted the minimum mandatory imprisonment range of 120 months. Accordingly, the Court sentenced the Defendant to 120 months imprisonment as to Counts Two and Four, both terms to run concurrently, and 60 months imprisonment as to Count Five, to run consecutively to the other counts.

II. Analysis

The United States Sentencing Commission has promulgated Amendment 750 lowering the base offense level for cocaine base (crack cocaine) offenses effective November 1, 2011. The Commission decided that Amended 750 should be applied

-2-

retroactively. Title 18, United States Code, section 3582(c)(2) provides that the district court has the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines specifically provides that a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)...." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not consistent with the policy statement and not authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

As the Court sentenced the Defendant to the statutory mandatory minimum sentence for Count Two, Amendment 750 does

not have the effect of lowering the Defendant's applicable guideline range of 120 months. Accordingly, a reduction of the Defendant's sentence is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10. See also United States v. Mills, 613 F. 3d 1070 (11th Cir. 2010) (retroactive amendments to crack cocaine guidelines are inapplicable to defendants whose sentences were based on statutory mandatory minimum).

Furthermore, the Defendant is not entitled to relief under the Fair Sentencing Act of 2010 which amended the mandatory minimum sentencing for crack penalties by reducing the crack to powder cocaine ratio from 100:1 to approximately 18:1. Significantly, the FSA is not retroactive. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011). The Defendant committed the offenses and was sentenced before the effective date of the FSA. The Court sentenced him in accordance with the penalties in place at the time he committed the offenses. Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Defendant's sentence is not subject to reduction pursuant to the retroactive application of the amendments to the United States Sentencing Guidelines. Further, the Defendant's sentence is not subject to reduction pursuant to the application of the Fair Sentencing Act of 2010.

**DONE** and **ORDERED** in Tampa, Florida, this <u>16th</u> day of February, 2012.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Public Defender
United States Attorney's Office
United States Probation office
Bureau of Prisons
U.S. Marshals Office
Any pro se party